UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


GLEN SHERMAN SEALS, JR.,

     Petitioner,

v.                                                                Case No. 6:25-cv-02223-JSS-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court on Petitioner Glenn Sherman Seals, Jr.'s motion to appoint counsel and rename the Respondent as Louis A. Quinones, Jr., Warden of the Orange County Jail. (Doc. 7).

Petitioner initiated this action by filing a petition for writ of habeas corpus (Dkt. 1) under 28 U.S.C. § 2254.  The Clerk identified the Respondent as the Secretary of the Florida Department of Corrections. Petitioner was granted leave to proceed in forma pauperis (Dkt. 5), and the Secretary of the Florida Department of Corrections was directed to respond to the Petition. (Dkt. 5.) Petitioner now moves to correct the Respondent's name to that of Warden Quinones. (Doc. 7 at 2). He also moves for the appointment of counsel. (Doc. 7 at 1).

The Court begins with Petitioner's request for the appointment of counsel, which he asserts due to his inability to afford private counsel, his lack of legal knowledge, and his unspecified disability. (Doc. 1 at 1).

There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Hooks v. Wainwright*, 775 F. 2d 1433, 1438 (11th Cir. 1985). Appointment of counsel in the absence of an evidentiary hearing is only necessary when due process or the interests of justice require it.  *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994); *see also* 18 U.S.C. § 3006A(a)(2)(B) (authorizing the U.S. Magistrate Judge to appoint counsel for a financially eligible habeas petitioner if he "determines that the interests of justice so require" it); Rule 8(c), *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel for a financially eligible petitioner if an evidentiary hearing is conducted). *See also Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (explaining that appointment of counsel is a privilege justified only by exceptional circumstances).

Plaintiff's lack of legal knowledge is not an exceptional circumstance requiring the appointment of counsel. *See, e.g., Wallace v. Sheriff*, 518 F. App'x 621, 623 (11th Cir. 2013). Although Petitioner states that he is disabled, he does not describe how his unidentified impairment affects his ability to litigate this action, and his filings indicate his ability to communicate with the Court. Further, the

Court has not yet determined whether an evidentiary hearing is warranted in this case.

Consequently, Petitioner does not demonstrate that appointment of counsel is necessary at this stage of the proceedings. If the Court decides that an evidentiary hearing is warranted in this matter, it will notify Petitioner, and, if Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, will appoint counsel to represent Petitioner.

Turning to the matter of the proper respondent to this action, "there is generally only one proper respondent to a given prisoner's habeas petition," and that is "the person with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (internal quotation marks omitted). According to Rule 2(a) of the *Rules Governing Section 2254 Cases in United States District Courts* (hereinafter the "*Rules*"), that means "[i]f the petitioner is currently in custody under a state-court judgment," the proper respondent is "the state officer who has custody" of the Petitioner.

The Petition indicates that, at the time it was filed, Petitioner's place of confinement was the Orange County Jail. (Doc. 1 at 1). The Petition also indicates that Petitioner had already been sentenced at the time it was filed. (Doc. 1 at 1). To fully understand the reason for the present motion, the Court reviewed Petitioner's publicly available docket for his Orange County criminal case,

- 3 -

Number 2024-CF-004461. (*See* Doc. 1 at 1). The Court takes judicial notice[1] that the docket shows Petitioner was not sentenced for the referenced offense until recently — June 11, 2026. *See State v. Seals*, No. 2024-CF-004461-A-O, Sentence (Fla. 9th Jud. Cir., June 11, 2026). Petitioner's criminal docket also reflects that when Petitioner was sentenced, he was committed to the custody of the Florida Department of Corrections, the Sheriff was instructed to deliver Petitioner into the custody of the Department of Corrections "within a reasonable time," and the Department of Corrections is to imprison Petitioner for the term of his sentence. *See* Case No. 2024-CF-004461-A-O, Commitment Issued (Fla. 9th Jud. Cir., June 11, 2026).

As (1) Petitioner has now been committed to the custody of the Department of Corrections, (2) Petitioner's physical custody has been (or will be within a reasonable time) transferred to the Department of Corrections to serve his sentence, and (3) Petitioner challenges the conviction for which he was sentenced and is held in custody, the proper respondent in this case is the Secretary of the Department of Corrections — who is already named as Respondent in this case. *See, e.g.*, *Campbell v. Rodgers*, No. 4:26cv62-MW-HTC, 2026 WL 531755, at *2 n.3 (N.D. Fla. Feb. 2, 2026) ("Because Campell is challenging his original conviction or

---

[1] See Fed. R. Evid. 201; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing cases) (indicating that documents filed in another court may be judicially noticed).

sentence, . . . the proper respondent would be the Secretary of the Florida Department of Corrections[.]"); *Diaz v. Secretary, DOC*, No. 2:17-cv-102-FtM-38MRM, 2020 WL 708128, at *1 n.3 (M.D. Fla. Feb. 12, 2020) (finding the Secretary of the Department of Corrections was the proper respondent for a Section 2254 petition for writ of habeas corpus filed by a state prisoner challenging his judgment of conviction); *Gross v. Secretary, Dep't of Corr.*, No. 2:10–cv–256–FtM–29DNF, 2013 WL 2477086, at *1 n.1 (M.D. Fla. June 10, 2013) (explaining that the "chief officer in charge of the state penal institution is . . . recognized as the proper named respondent" and dismissing the Florida Attorney General from the case, leaving the Secretary of the Department of Corrections as the sole named respondent). Therefore, Petitioner's request to rename the respondent is denied.

Finally, as Petitioner was sentenced approximately one week ago, it is unlikely that he has fully exhausted his remedies by presenting his claims to the appropriate state courts. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that — (A) the applicant has exhausted the remedies available in the courts of the State[.]"). *See also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard*, 404 U.S. at 275-76) (explaining that to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t]

federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." (quotation marks omitted)).

Further, his conviction may not yet be final for purposes of federal habeas review, and the one-year limitations period for filing a federal habeas petition under Section 2254 may not have yet started to run. *See* 28 U.S.C §§ 2254(d) (providing that "[t]he limitation period shall run from the latest of —(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Fla. R. App. P. 9.140(b)(3) (setting a thirty-day deadline to file a notice of direct appeal as "30 days following rendition of a written order imposing sentence"); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired). Therefore, it appears that the present Petition may be premature.

Accordingly, it is **ORDERED** that:

1. Petitioner's motion to appoint counsel and rename the respondent (Doc. 7) is **DENIED**.

2. Given the likely premature nature of this action, the Court **VACATES** the February 26, 2026 order (Doc. 5) directing the Respondent to respond to the Petition.

3. Within **TWENTY-ONE (21) DAYS** after the date of this order, Petitioner shall **SHOW CAUSE in writing** why this action should not be dismissed without prejudice to permit Petitioner to fully exhaust his remedies in the state courts.

4. Petitioner's failure to timely comply with this order or to sufficiently show cause why this action should not be dismissed for exhaustion purposes may result in the dismissal of this action without prejudice without further notice.

5. The Clerk is directed to mail to Petitioner a copy of this order at his address of record, as well as serve a copy of this order on Respondent using the contact information below.[2]

**DONE** and **ORDERED** in Orlando, Florida, on June 22, 2026.

Copies furnished to:

Unrepresented Party
Office of the Attorney General:
crimappdab@myfloridalegal.com
courtfilings@mail.dc.state.fl.us

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel for Respondent has not filed a notice of appearance in this case. Consequently, e-service through the CMECF system is not available.